FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT  2003 DEC 11  A 11: 43
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

03-12496 DPW

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY, VACATION & XMAS and FRINGE BENEFIT FUNDS; AND PLUMBERS AND GASFITTERS LOCAL 12<br><br>Plaintiffs<br><br>VS.<br><br>DOWD PLUMBING CORPORATION<br><br>Defendant | CASE NO.<br><br>MAGISTRATE JUDGE Bowler<br><br>December 9, 2003 |

## COLLECTION COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 185 brought on behalf of the Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds; and Plumbers and Gasfitters Local 12 (the "Plaintiffs") for damages arising from unpaid Funds contributions.

AMOUNT $150  52430
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK  FCM
12/11/03

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

2. This court has jurisdiction, and venue lies in this district pursuant to ERISA § 502 (e)(1) and (2); 29 U.S.C. § 1132(e)(1) and (2), § 515; 29 U.S.C. § 1145 and the LMRA § 301 (a); 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

3. Defendant Dowd Plumbing Corporation (hereinafter "Dowd Plumbing") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business located at 3 Morton Street, Stoughton, Massachusetts 02072 and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152 (2), (6) and (7).

4. Defendant Dowd Plumbing is a member of the Greater Boston Association of Plumbing, Heating, Cooling Contractors, Inc. (hereinafter "Association") and has assigned its bargaining rights to the Association for purposes of negotiating a Collective Bargaining Agreement with Plumbers and Gasfitters Local 12 and the United Association of Plumbers and Gasfitters (hereinafter the "Union"). Dowd Plumbing is, therefore, a party to and bound by the Collective Bargaining Agreement (hereinafter "CBA") between the Association and the Union.

5. Plaintiffs Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds (the "Funds") are third-party beneficiaries of the CBA between the Association and the Union.

6. Plaintiffs are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1002(37)(A) and each is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have their principal

office at and are administered from 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

### COUNT I: ERISA – Claim for Delinquent Funds Contributions

7. At all material times, Defendant Dowd Plumbing is obligated by the terms of the CBA between Defendant and the Union and by the terms of the Funds' Agreement and Declaration of Trust to which Defendant is bound to make contributions to the Plaintiff Funds for each hour worked by its employees who perform plumbing jobs.

8. Consistent with the CBA and the Plan Documents, Funds contributions are due on the fifteenth (15th) day of the month following the month in which the contributions accrued, but, in no event, later than the thirtieth (30th) day of the month following the month in which the contribution accrued (e.g., contributions for hours worked in August are due September 15th, but no later than September 30th).

9. Defendant's last payment to the Funds was for contributions owed for a partial payment of the delinquent contributions owed for the month of August 2003. Since that time, Defendant has failed to make required contributions to the Plaintiff Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145. Defendant is presently delinquent in contributions owed to the Funds for the months of August, September, and October 2003. The November contributions will be due by December 4, 1002, and December 2003 work is presently being performed for which contributions will become due.

10. Monthly reports submitted to the Funds by the Defendant, as required by the Funds' Agreement and Declaration of Trust, demonstrate that Defendant owes

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

contributions to the Funds for work performed by its employees and Union members for the months of August, September and October 2003 in the amounts of *$10,797.38, $58,588.36, and $68,455.23*. Accordingly, for the period of August through October 2003, the Defendant owes delinquent contributions to the Funds in the amount of *$137,840.97*.

11. Additionally, Defendant continues to work employing Union plumbers and, therefore, will owe contributions for ensuing months during the pendency of this Complaint and, therefore, the judgment will most likely include additional months beyond the above three (3) months claimed. November 2003 contributions, due on December 15, 2003, are expected to be in a like amount owed for October and, therefore, are estimated at approximately *$70,000.00*. An exact amount will be provided when the Company's report is received. December 2003 work is presently being performed and those contributions will be due on January 14, 2003.

12. At this time, the August through November 2003 contributions owed to Plaintiff Funds by Defendant Dowd Plumbing equal a total of *$207,840.97*.

13. Each month in which a delinquency arose, Plaintiff Funds forwarded demand correspondence to Defendant requesting payment of the delinquent contributions and explaining that failure to submit contributions would result in litigation in which Defendant would be required to pay the delinquent contributions, plus liquidated damages, interest, costs and attorney's fees. Defendant failed to respond to Plaintiff Funds' correspondence or to submit the delinquent contributions.

4

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

14.     Each month, Plaintiff Funds forwarded demand correspondence to the Defendant requesting payment for the contributions owed to the Funds and have repeatedly explained that failure to forward payments would result in late fee charges pursuant to the terms of the CBA. As of December 1, 2003, Defendant owed the approximately Funds *$5,903.04* in late fees on the delinquent contributions from May through October 2003.

## COUNT II: LABOR MANAGEMENT RELATIONS ACT

15.     Plaintiffs hereby incorporate by reference the above Paragraphs 1-14.

16.     By the above action, Defendant has violated the parties' CBA, to which the Plaintiffs are third-party beneficiaries with standing to bring a breach of contract claim pursuant to LMRA § 310(a), 29 U.S.C. § 185(a); and Plaintiffs are entitled to relief ordering the Defendant to remit contributions due and owing under the terms of the parties' CBA.

WHEREFORE, Plaintiffs demand that judgment enter in accordance with Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, and Section 301 of the LMRA, 29 USC § 185:

1.    Awarding the Plaintiffs the following:

(a)    the unpaid contributions for the period of June through August 2003 as follows:

| | |
|---|---|
| August 2003 (balance): | $10,797.38 |
| September 2003: | $58,588.36 |
| October 2003: | $68,455.23 |
| November 2003 (estimated) | $70,000.00 |
| **TOTAL DELINQUENCIES:** | **$207,840.97** |

  (b)  unpaid delinquent late fees:    $5,903.04

 **Total of (a) and (b)**:    $213,744.01

  (c)  subsequent delinquencies and late fees that may become due and owing during the pendency of this suit;

  (d)  interest on delinquent payments from the date of this lawsuit through the date of final payment;

  (e)  liquidated damages in an amount equal to the greater of interest on unpaid contributions or twenty percent (20%) of the unpaid contributions;

  (f)  all costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action; and

2. Ordering such other and further relief as this Court may deem just and proper.

Dated: <u>December 9, 2003</u>

            Respectfully submitted,

            Robert M. Cheverie, Esq.
            ROBERT M. CHEVERIE &
             ASSOCIATES, P.C.
            333 East River Drive, Suite 101
            East Hartford, CT 06108
            (860) 290-9610
            BBO# 082320

            _____
            Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 9th day of December 2003, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P. O. Box 13163
Baltimore, MD 21203
Attn:    **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:    **Assistant Solicitor for Plan Benefits Security**

_____
Robert M. Cheverie

JTF.12FUNDS.DOWD PLUMBING.2003
Complaint.12-9-03